(720 P.2d 1141)

No. 58,173

ARNOLD L. RUEBKE, JR., *Appellant,* v. STATE OF KANSAS, *Appellee.*

Petition for review denied September 19, 1986.

Opinion filed July 3, 1986.

*Richard J. Rome,* of Hutchinson, for appellant.

*Francis E. Meisenheimer,* assistant county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before REES, J., PAUL W. CLARK, District Judge, assigned, and JAMES J. NOONE, District Judge Retired, assigned.

CLARK, J.: Arnold L. Ruebke, Jr. appeals the denial of his K.S.A. 60-1507 motion to set aside a 1984 felony theft conviction that followed a plea of guilty. The reasons given to justify such a request are the trial judges' failure to advise him of his rights to appeal (K.S.A. 1985 Supp. 38-1681[a][1][A]) and to petition for expungement (K.S.A. 1985 Supp. 21-4619[f]). Appellant maintains that under the facts of this case such failures to advise amounted to a denial of due process of law.

A full evidentiary hearing was held below. We are asked to reverse the trial court's denial of the relief sought.

The facts pertinent to the issues presented are not in dispute.

April 2, 1984, is the key date. That is the day the felony theft in question was committed by appellant. He was at the time 17 years of age and had on two separate prior occasions been the subject of a juvenile proceeding where he was on each occasion adjudicated by the district court as having committed an act that would amount to a felony had the same act been committed by an adult. See K.S.A. 1985 Supp. 38-1602(b).

Appellant's 18th birthday was April 29, 1984.

On May 7, 1984, the county attorney filed a verified complaint with the district court pursuant to section 38-1612 of the Kansas Juvenile Offenders Code (K.S.A. 1985 Supp. 38-1601 *et seq.*). The April 2, 1984, act of this appellant was the basis of the complaint. The trial judge appointed a lawyer for appellant, arranged bail for him and set May 25, 1984, as the date for "pretrial hearing" (K.S.A. 1985 Supp. 38-1633).

Appellant did not appear in person on May 25. The appointed lawyer appeared, as did appellant's mother and stepfather. At that hearing, the trial judge reviewed the court files showing appellant's two prior adjudications, took judicial notice thereof (K.S.A. 60-409), and found that the court was without jurisdiction to act. K.S.A. 1985 Supp. 38-1604; K.S.A. 1985 Supp. 38-1602(b)(3). Unbeknown to the trial judge, the county attorney had two hours earlier filed a complaint against appellant pursuant to the Kansas Code of Criminal Procedure (K.S.A. 22-2301[1]). The basis was the same April 2, 1984, act of appellant.

Appellant entered a plea of guilty to the criminal charge on July 16, 1984. On August 24, 1984, the trial judge accepted appellant's plea of guilty, adjudged him guilty of the offense charged, and granted his application for probation from the confinement portion of the sentence imposed. He was 18 years of age at the time.

A few months thereafter, a new criminal case was filed against appellant because of an act unrelated to this case. However, the State used the prior conviction arising out of the April 2, 1984, act to establish motive (K.S.A. 60-455) in the new case. He was convicted on the new case and is now incarcerated. Thus, he attacks the prior felony theft conviction by way of K.S.A. 60-1507.

The trial court hearing appellant's K.S.A. 60-1507 motion ruled that "the juvenile court had no jurisdiction over [appellant] on May 25, 1984," and therefore that the law did not require appellant be informed of the appeal right set out at K.S.A. 1985 Supp. 38-1681. The trial court further ruled that a failure to advise appellant of the law concerning expungement (K.S.A. 1985 Supp. 21-4619 [f]) following his sentencing on August 24, 1984 was not "error . . . of sufficient magnitude to set aside the conviction."

K.S.A. 1985 Supp. 38-1681 provides in pertinent part that an

appeal may be taken "by a respondent from an order authorizing prosecution as an adult." This right given "respondent" is not limited by the entry of a plea of guilty or acquittal. The only limitation thereon is that "respondent" must be a "juvenile offender."

K.S.A. 1985 Supp. 38-1602 is the definitions section of the Kansas Juvenile Offenders Code. "Juvenile" is there defined as "a person 10 or more years of age but less than 18 years of age," while the term "juvenile offender" means:

"[A] person who does an act while a juvenile which if done by an adult would constitute the commission of a felony or misdemeanor . . . but does not include:

. . . .

"(3) a person 16 years of age or over who is charged with a felony or with more than one offense of which one or more is a felony after having been adjudicated in two separate prior juvenile proceedings as having committed an act which would constitute a felony if committed by an adult and the adjudications occurred prior to the date of the commission of the new act charged."

The legislature explained "jurisdiction" at K.S.A. 1985 Supp. 38-1604 in these words:

"Except as provided in K.S.A. 1982 Supp. 38-1636 and 21-3611 and amendments thereto, proceedings concerning a juvenile who appears to be a juvenile offender shall be governed by the provisions of this code."

The former statutory reference is to that part of the Juvenile Offenders Code where the judge—having jurisdiction over the person of a "juvenile offender" more than 16 years of age— may upon the motion of the prosecutor "authorize prosecution of the respondent as an adult under the applicable criminal statute." Should the judge authorize such prosecution, the juvenile offender so prosecuted is given a right to appeal that decision. The outcome of the criminal case has no bearing upon that right of appeal (K.S.A. 1985 Supp. 38-1681[a][1][A]).

Appellant contends that he is within the purview of this statutory right of appeal.

Appellant's contention is without merit. The legislative intent is clear from a reading of the Code. It is only "juvenile offenders" as defined in the Code that have the right of appeal guaranteed at K.S.A. 1985 Supp. 38-1681. Appellant was not a "juvenile offender" on April 2, 1984, for the reason that he had twice before, on separate occasions, been before the court as a "juvenile offender" having committed acts that would have been

felonies had such acts been committed by an adult person. We find no error in the ruling made by the trial judge.

Next we turn to appellant's contention that no court has ever advised him of the law of expungement.

K.S.A. 1985 Supp. 21-4619 provides in pertinent part that:

"(f) Whenever a person is convicted of a crime . . . and . . . is placed on . . . probation . . . the person shall be informed of the ability to expunge the conviction."

"(a) [A]ny person convicted in this state . . . may petition the convicting court for the expungement of such conviction if three or more years have elapsed since the person . . . (2) was discharged from probation."

Our Supreme Court in *State v. Underwood,* 228 Kan. 294, 298, 615 P.2d 153 (1980), quoting *State v. Miller,* 214 Kan. 538, 545, 520 P.2d 1248 (1974), explained that:

" '[T]he granting or denial of an application for annulment or expungement of a conviction is a judicial function. Such power contemplates a judicial inquiry and the exercise of judicial discretion in the same way that a court exercises its discretion in the granting of probation, and in deciding whether probation should be revoked.' "

Appellant had the burden to prove that his constitutional rights were violated by the inaction here. *Roger v. State,* 201 Kan. 766, 443 P.2d 252 (1968); *Metcalf v. State,* 199 Kan. 800, 433 P.2d 450 (1967). Specifically, what he had to prove to the trial court was that his right to "due process of law" guaranteed by the Kan. Const. Bill of Rights, §§ 1 and 2, was violated on August 24, 1984, when the sentencing judge did not advise him of a legal remedy that may—based upon the discretion of a judge—be available to him at a time in the future that, based on the record before us, has not yet arrived.

The possibility of this future remedy is now known to appellant. We find no prejudicial error in the trial court's denial of the relief sought.

The judgment made and entered by the trial court is affirmed.