(778 P.2d 851)

No. 62,988
62,989

STATE OF KANSAS, *Appellee*, v. D.L.P., a Juvenile Traffic Offender, *Appellant.*

Opinion filed August 11, 1989.

*Tim S. Haverty*, of Hershberger, Patterson, Jones & Roth, of Wichita, for the appellant.

*Debra S. Byrd*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before ABBOTT, C.J., BRAZIL and LEWIS, JJ.

LEWIS, J.: This is a consolidated appeal on two separate Sedgwick County actions in which the defendant, D.L.P., was sentenced to terms of 90 days in one case and six months in the other, to be served in the county jail, in connection with his convictions of DUI and related offenses. D.L.P. was under the age of 18 years at the time the offenses were committed and at the time of sentencing. D.L.P. appeals, arguing that the sentences imposed are illegal.

The initial case was brought against D.L.P. in September 1987 when he entered a plea of guilty to DUI and received a sentence of six months in the county jail but was placed on probation from that sentence and assessed a fine of $200. In addition to the sentence and fine, D.L.P. was required to complete an alcohol and drug safety program and perform 100 hours of community service in lieu of the mandated 48-hour jail time, and was given other usual terms and conditions of probation. At the time of his original conviction and sentence, D.L.P. was not represented by an attorney.

In May 1988, D.L.P. was stopped again by the police while driving and was charged with several traffic offenses, the most serious of which were DUI and driving on a suspended license.

When D.L.P. came before the court on the second round of charges, he was represented by counsel. He again entered a plea of guilty to DUI and driving on a suspended license. Upon his entry of that plea, the other charges were dismissed by the State. The trial judge sentenced D.L.P. to 90 days' incarceration on the DUI charge, with the provision that, after serving five days of that time, D.L.P. would be placed on probation for a period of one year. However, in addition to the DUI sentence, the trial

judge sentenced D.L.P. to 90 days in the county jail for driving on a suspended license and advised D.L.P. he would have to serve the entire 90 days of that sentence. The defendant then filed a timely notice of appeal to this court from the sentence in the second DUI case.

After being sentenced for his second DUI and for driving on a suspended license, the probation in D.L.P.'s original DUI case was revoked and he was ordered to serve his original six-month term of incarceration on that charge. D.L.P. also appeals from the imposition of the six-month sentence in his first DUI conviction.

The defendant argues that both sentences imposed in the two criminal cases are illegal and should be set aside.

Before proceeding to the merits of this appeal, we must note that in both instances D.L.P. entered a plea of guilty to the charges against him, thereby raising the specter of *State v. Harrold*, 239 Kan. 645, 649, 722 P.2d 563 (1986), wherein the Kansas Supreme Court held that there can be no appeal from a plea of guilty or nolo contendere except in certain limited instances. We also note that the six-month sentence imposed on D.L.P. in his first DUI case was handed down on December 3, 1987, and that his notice of appeal from that decision was not filed until October 13, 1988, well beyond the 130 day period in which a notice of appeal must be filed. K.S.A. 21-4603(3) and K.S.A. 22-3608(1).

It appears on the surface, therefore, that from a jurisdictional point of view, D.L.P. is doubly cursed. He is unable to appeal the second conviction for DUI because he entered a plea of guilty to those charges; he is unable to appeal his first conviction for DUI because he also entered a plea of guilty to those charges and, in addition, waited for ten months to file his appeal.

However, we have reviewed the record in this case, and conclude that under the circumstances we have jurisdiction to determine and hear the appeals in both cases. D.L.P. does not challenge the propriety of his convictions, nor argue about the fines imposed or the revocation and suspension of his driver's license. He challenges only the sentences imposed, arguing they are illegal and not authorized by law. Under those circumstances, a defendant may challenge his sentence, even though he may have entered a plea of guilty. In *State v. Harrold*, 239 Kan. at 649, the Kansas Supreme Court stated:

"Harrold is not challenging the judgment of conviction and indeed he may not do so by direct appeal under the statute (except, perhaps, under extremely rare factual circumstances not here involved). He is not appealing from or directly challenging the trial court's denial of probation, and we need not deal with that subject. Harrold challenges only the sentence imposed, contending that the trial court abused its discretion in sentencing (1) by failing to consider the legislatively mandated factors and (2) by imposing an excessive sentence. We hold that one who pleads guilty or nolo contendere is not precluded by K.S.A. 22-3602 from taking a direct appeal *from the sentence imposed.* Further, an appellant need not allege that the sentence was the result of partiality, prejudice, or corrupt motive, or that it exceeds the statutory limits, in order to present a justiciable issue. Any defendant, whether convicted by plea or trial, may challenge his or her sentence on appeal. Statements to the contrary in *State v. Haines,* 238 Kan. 478, are overruled."

In the instant case, the defendant falls within the exception set forth in *State v. Harrold* and may appeal from the sentences imposed, arguing they are illegal, even though he entered a plea of guilty to the charges against him.

We also hold that the fact more than 130 days passed since the first conviction does not bar an appeal in that case. The invalidity of the original sentence was raised by defendant at the time of the probation revocation hearing, and the ruling of the trial court was to refuse to change or correct that sentence. K.S.A. 22-3504(1) provides that a court may correct an illegal sentence at any time.

"An 'illegal sentence' is either a sentence imposed by a court without jurisdiction; a sentence which does not conform to the statutory provisions, either in the character or the term of the punishment authorized; or a sentence which is ambiguous with respect to the time and manner in which it is to be served." *State v. Thomas,* 239 Kan. 457, 460, 720 P.2d 1059 (1986).

Since the focus of this appeal is to the illegality of the sentence imposed, and since that is an error which can be corrected at any time, we conclude that we also have jurisdiction over the sentence for the first DUI conviction, despite delayed filing of the notice of appeal. Having disposed of the jurisdictional issue, we now turn to the merits of this appeal.

The issue before this court is whether K.S.A. 1988 Supp. 8-2117 controls the sentence of incarceration to be imposed in a case of this nature. The trial court held that it does not, and that the defendant, despite his age of 17 years, was subject to adult penalties for his crimes. As a result, the defendant has been sentenced to a term of incarceration in the county jail of six

months on his first conviction and 90 days on his second. Upon review, we conclude that the trial court was in error. The authority to incarcerate a defendant of the age of this appellant is exclusively contained in K.S.A. 1988 Supp. 8-2117 and, as a result, we reverse and remand.

K.S.A. 1988 Supp. 8-2117, which controls the maximum sentence which can be imposed on a traffic offender who is between 14 and 18 years of age, reads in pertinent part:

"(a) Subject to the provisions of this section, a court of competent jurisdiction may hear prosecutions of traffic offenses involving any child 14 or more years of age but less than 18 years of age. The court hearing the prosecution may impose any fine authorized by law for a traffic offense, including a violation of K.S.A. 8-1567 and amendments thereto, *and may order that the child be placed in a juvenile detention facility, as defined by K.S.A. 38-1602, and amendments thereto, for not more than 10 days.*" (Emphasis added.)

Despite the rather specific language of the statute quoted above, the State argues alternatively that defendant is not really a child since he is married, although admittedly he was under the age of 18, or that the legislature somehow intended to give a trial judge the discretion to sentence a young traffic offender either as an adult or under K.S.A. 1988 Supp. 8-2117, or that 8-2117 has been repealed by implication. We find none of those arguments persuasive.

A review of the history of K.S.A. 8-2117 and its supporting legislation will reveal the statute's purpose and intent:

The statute was initially passed in 1978 (L. 1978, ch. 158, § 34) and provided for the first time that juvenile traffic offenders between 14 and 18 years of age could be prosecuted in adult courts for any traffic offenses described by K.S.A. 1978 Supp. 38-802, as permitted by K.S.A. 1978 Supp. 38-815. K.S.A. 1978 Supp. 8-2117 authorized the court to impose any adult fine authorized by law, but specifically forbade the incarceration of any young person under the age of 18 upon his conviction of a traffic offense. The statute also authorized the court to suspend the young offender's driver's license as if he were an adult.

K.S.A. 1978 Supp. 38-815 incorporates the 38-802(e) definition of a juvenile traffic offender as one who had violated any of the traffic laws of this state, except for the crimes of: driving on a suspended license, K.S.A. 8-262; operating a vehicle after having been adjudged a habitual offender, K.S.A. 8-287; reckless driving, K.S.A. 8-1566; DUI, K.S.A. 8-1567; fleeing or attempting to

flee a police officer, K.S.A. 8-1568; and vehicular homicide, K.S.A. 21-3405. All of the excepted offenses carried potentially serious jail terms and, as to those crimes, the 14- to 18-year-old driver was considered a juvenile offender. For all other traffic offenses, the offender could be charged as an adult, tried as an adult, fined as an adult, and deprived of driving privileges as an adult, but could not be incarcerated as an adult.

In 1981, 8-2117 was amended (L. 1981, ch. 183, § 1), principally to correct certain technical problems. In addition to those, the court was authorized to restrict the driver's licenses of 14- to 18-year-old offenders without having to suspend them to bring the treatment more in line with that of adult offenders. Once again, the statute forbade any incarceration of a young traffic offender.

In 1982, 8-2117 was changed substantially (L. 1982, ch. 182, § 118). This change was prompted by a general overhaul of the juvenile code by the legislature, and specifically by the repeal of 38-815 (L. 1982, ch. 182, § 150), which had authorized prosecution of juvenile traffic offenders as adults. For the first time, the legislature permitted incarceration of 14- to 18-year-old traffic offenders in a city or county jail for not more than 10 days. The statute specifically provided that, if the young offender was incarcerated in a jail, the young person must be kept in quarters separate from adult prisoners. The statute continued to permit the court to impose adult fines and to suspend and restrict driver's licenses, but also continued to make a very clear distinction between the incarceration of young traffic offenders and adults.

The legislature then enacted K.S.A. 38-1602(b) (L. 1982, ch. 182, § 60), which remains virtually unchanged to this date, and which provides that under the new juvenile code a juvenile offender is not:

"(1) A person 14 or more years of age who commits a traffic offense in violation of chapter 8 of the Kansas Statutes Annotated or any city ordinance or county resolution which relates to the regulation of traffic on the roads, highways or streets, or the operation of self-propelled or nonself-propelled vehicles of any kind."

K.S.A. 38-1602 was enacted to replace 38-815 and continued the policy of treating individuals between the ages of 14 and 18 as adults insofar as certain features of the traffic laws were concerned. Despite enacting K.S.A. 38-1602, the legislature

amended 8-2117 and continued to define the punishment permitted to be imposed on such young offenders. K.S.A. 38-1602 did away with all exceptions which had been utilized in 38-815 and, under it, young people between 14 and 18 years of age became subject to such laws as DUI, vehicular homicide, and habitual violator, but the full adult punishment as to incarceration remained limited to what was permitted under 8-2117.

In 1983, 8-2117 was amended once again (L. 1983, ch. 140, § 1). The statute continued to apply to young people between 14 and 18 years of age, to permit the levy of adult fines and suspension or restriction of driver's licenses, and to prohibit incarceration of these young traffic offenders beyond a maximum of ten days. If incarceration was to be in jail, the statute had earlier provided that the young person had to be kept separate from adult prisoners. However, in 1983, for the first time, the statute permitted the court to place such child in a juvenile detention facility in lieu of incarceration in jail for the ten-day period.

In 1986, 8-2117 was again amended (L. 1986, ch. 161, § 7) and now reads in the manner set forth earlier in this opinion. The language employed in the earlier version of that statute was restated and reformed, but the statute continued the prohibition of incarceration for more than ten days for young traffic offenders between 14 and 18 years, and removed the language providing an option of placing the youthful traffic offender in the city or county jail. It now mandates that incarceration, if any, take place in a juvenile detention facility. We do not believe that the deletion of the language concerning incarceration in a city or county jail is of significance because K.S.A. 38-1602(f) defines a "juvenile detention facility" as: "any secure public or private facility which is used for the lawful custody of accused or adjudicated juvenile offenders and which, if in a city or county jail, must be in quarters separate from adult prisoners."

In essence, the definition of "juvenile detention facility" in K.S.A. 38-1602 rendered any reference to city or county jails in 8-2117 superfluous.

In 1987, K.S.A. 38-1602 was amended (L. 1987, ch. 112, § 37), but the 1987 amendment does not affect the issue now before this court.

It is clear to this court that, beginning in 1978, the legislature

made a determination that young people between the ages of 14 and 18 years should not be prosecuted in the juvenile court for traffic offenses. In implementing this decision, the legislature has used the definition section in the juvenile code to spell out which young people were not to be considered "juvenile offenders" and should, therefore, be made subject to the jurisdiction of the adult courts. At the same time, the legislature has been very consistent in making it clear that, while it was willing for these young offenders to pay the same fines as adults, lose their licenses as adults, and be tried as adults, they were not to be incarcerated as adults. If K.S.A. 1988 Supp. 8-2117 does not exist to limit the incarceration which can be imposed on a young traffic offender, then it has no purpose at all. We decline to nullify what appears to be a very clear expression of legislative intent by holding that, despite the specific language in 8-2117, a youthful traffic offender may be sentenced to the same term of incarceration and under the same conditions as an adult.

The State makes the rather disingenuous argument that the use of the term "child" in K.S.A. 1988 Supp. 8-2117 renders that statute somehow ambiguous and creates a factual issue wherein the trial court can determine whether a particular person is or is not a child regardless of his age. Thus, it argues, because D.L.P. is a married person, he is emancipated and is not a child, and therefore 8-2117 does not apply to him. We disagree. The statute clearly applies to "any child" who is 14 years of age or more but less than 18 years of age. This is very specific; it does not exempt from its definition persons who, in that age group are married, living away from home, or holding jobs.

We note there are provisions in our statutes to certify juvenile offenders as not being amenable to the juvenile code. This was not done in this case. Nothing was done to find or conclude that this defendant was not amenable to the provisions of K.S.A. 1988 Supp. 8-2117. We do not mean to infer by this statement that a trial court would have the authority to so find, but to simply point out that no effort was made to do so in this case.

The trial court seemed to find some ambiguity in the relationship between K.S.A. 1988 Supp. 8-2117 and K.S.A. 1988 Supp. 38-1602. We have examined the statutes carefully and find no ambiguity. The statutes appear to us to be in perfect harmony.

K.S.A. 1988 Supp. 38-1602 states that traffic offenders between the ages of 14 and 18 are not to be treated as juvenile offenders. K.S.A. 1988 Supp. 8-2117 defines the permissible punishment a trial court may inflict upon such youthful traffic offender in terms of the incarceration imposed.

Moreover, we have the longstanding rule that, where there is a conflict between a statute dealing generally with a subject and another dealing specifically with a certain phase of it, the specific statute controls, unless it appears that the legislature intended to make the general act controlling. *State v. Keeley*, 236 Kan. 555, 560, 694 P.2d 422 (1985); *In re K.J.*, 12 Kan. App. 2d 188, 189, 737 P.2d 874 (1987); *State v. Wilson*, 11 Kan. App. 2d 504, 505, Syl. ¶ 1, 728 P.2d 1332 (1986). K.S.A. 1988 Supp. 8-2117 deals specifically and exclusively with the prosecution and punishment of persons who are between 14 and 18 years of age who commit traffic offenses. If there is any conflict between this statute and any other statute, and we see none, then K.S.A. 1988 Supp. 8-2117 will control since it is very specific on the issue in question.

The trial court also remarked that it was of the opinion that 8-2117 had somehow been repealed by implication when 38-1602 was amended in 1987. As pointed out earlier, we see no particular conflict between the two statutes; there is nothing in the 1987 amendment to K.S.A. 38-1602 which conflicts with the provisions of 8-2117, and we are certainly not of the opinion that K.S.A. 8-2117 has been repealed by implication or any other way.

We hold that the provisions of K.S.A. 1988 Supp. 8-2117 apply exclusively to the punishment of youthful traffic offenders who are at least 14 years of age but less than 18 years of age. Accordingly, the maximum period of incarceration which can be imposed on such an offender is ten days in a "juvenile detention facility" as defined by K.S.A. 1988 Supp. 38-1602(f).

Accordingly, the sentences of D.L.P. to incarceration in the two consolidated cases on appeal are vacated and the case is remanded with instructions to the trial court that, should it desire to resentence D.L.P. to a term of incarceration, it do so in a manner consistent with this opinion and with K.S.A. 1988 Supp. 8-2117. Insofar as they may be disputed, the sentences of fines, alcohol safety or treatment programs, suspension or restriction of

driving privileges, and other non-incarceration related sentences are affirmed.

Affirmed in part, reversed in part, and remanded.