No. 62,936

STATE OF KANSAS, *Appellant,* v. DANIEL T. HARPOOL, *Appellee.*

(788 P.2d 281)

Opinion filed March 2, 1990.

*Stephen J. Obermeier,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, *Paul J. Morrison,* district attorney, and *Debra Ann Vermillion,* assistant district attorney, were on the brief for the appellant.

*Thomas Jacquinot,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with him on the brief for the appellee.

The opinion of the court was delivered by

MILLER, C.J.: This is an appeal by the State from an order of a judge pro tem in Johnson County District Court sentencing Daniel T. Harpool to a term of 180 days in the county jail and fining him the sum of $100 upon his third conviction of driving with a suspended license, a Class E felony. K.S.A. 1989 Supp. 8-262.

The facts are undisputed. Harpool was convicted a third time of driving with a suspended license contrary to K.S.A. 1989 Supp. 8-262, which provides in part:

"(a)(1) Any person who drives a motor vehicle on any highway of this state at a time when such person's privilege so to do is canceled, suspended or revoked shall be guilty of a class B misdemeanor on the first conviction . . . and for third and subsequent convictions shall be guilty of a class E felony.

. . . .

"(3) [E]very person convicted under this section shall be sentenced to at least five days' imprisonment and fined at least $100 and upon a second or subsequent conviction shall not be eligible for parole until completion of five days' imprisonment."

K.S.A. 21-4501 fixes the terms of imprisonment authorized for each class of felony. For Class E felonies, the statute reads:

"(e) Class E, the sentence for which shall be an indeterminate term of imprisonment, the minimum of which shall be one year and the maximum of which shall be fixed by the court at not less than two years nor more than five years."

K.S.A. 21-4503 also authorizes the imposition of a fine of not more than $10,000 upon persons convicted of Class E felonies, which fine may be in addition to or instead of the imprisonment.

Before turning to the issues, we consider the matter of jurisdiction. The State appealed this case to the Court of Appeals pursuant to K.S.A. 1989 Supp. 22-3601(a) and K.S.A. 22-3603 as an interlocutory appeal. This is not properly an interlocutory appeal but is clearly meant to be an appeal on a question reserved by the State, K.S.A. 22-3602(b)(3), as stated orally by the prosecutor in argument at the sentencing hearing. We transferred the case to this court pursuant to K.S.A. 20-3018(c), and we have jurisdiction to hear the case as a question reserved. See *State v. Martin*, 232 Kan. 778, 779, 658 P.2d 1024 (1983).

We turn now to the primary issue: Did the trial court err in sentencing Harpool to serve 180 days in the county jail? We conclude that it did. The offense was a felony and the minimum term of confinement which could be imposed was one year. K.S.A. 21-4501(e). When a defendant is sentenced to confinement upon conviction of a felony, he or she may only be committed to the custody of the Secretary of Corrections. See K.S.A. 1989 Supp. 21-4603(2)(a); *State v. Fowler*, 238 Kan. 326, Syl. ¶ 1, 710 P.2d 1268 (1985). Under K.S.A. 1989 Supp. 21-4603(2)(a), a sentence of confinement in the county jail is possible only where the term of confinement is for *less* than one year.

The sentencing judge pro tem acknowledged that K.S.A. 1989 Supp. 8-262(a)(1) states that a person with a third or subsequent conviction under the statute is guilty of a Class E felony. The court also observed that if sentence were imposed under K.S.A. 21-4501(e) the presumptive sentencing statute, K.S.A. 1989 Supp. 21-4606a, would apply. That statute fixes the presumptive sentence for a defendant who has never before been convicted of a felony at probation. That would presumably require probation on the entire sentence, in clear contradiction of the intent of 8-262(a)(3) to require incarceration of at least five days for second or subsequent convictions. The court found that 8-262, by re-

quiring the completion of five days' imprisonment, made the crime an unclassified felony under K.S.A. 21-4501(f). We do not agree.

A court's paramount concern in statutory construction is to give effect to the intent of the legislature. *State v. Keeley*, 236 Kan. 555, 559, 694 P.2d 422 (1985). Legislative intent is to be determined from a general consideration of all provisions as a whole. We must attempt to reconcile different provisions of the statutes to make the whole consistent and sensible. *State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 (1987). Where such reconciliation is not possible, a specific statute controls over a general statute, unless it appears the legislature intends otherwise. *State v. Wilcox*, 245 Kan. 76, 775 P.2d 1787 (1989).

K.S.A. 21-4501(f) fixes the punishment for unclassified felonies. It reads:

"Unclassified felonies, which shall include all crimes declared to be felonies without specification as to class, the sentence for which shall be in accordance with the sentence specified in the statute that defines the crime. If no sentence is provided in the statute, the offender shall be sentenced as for a class E felony."

Crimes are classified in Kansas as felonies, misdemeanors, and traffic infractions. A felony is defined by statute as a crime punishable by death or by imprisonment in a state penal institution. K.S.A. 21-3105. A traffic infraction is a violation of any of the statutory provisions listed in K.S.A. 1989 Supp. 8-2118(c) and is punishable only by the imposition of a fine. Driving while one's license is suspended, 8-262, is not one of those violations enumerated in 8-2118(c). All other offenses are misdemeanors.

A first violation of 8-262 is a class B misdemeanor. It is clear that the legislature regarded subsequent violations of that statute as more serious offenses. It made a second conviction a Class A misdemeanor and third and subsequent violations Class E felonies. Reading the statutes together, it is clear the legislature intended by the language of 8-262(a)(3) to prohibit probation or parole of any person convicted of either a second, third, or subsequent violation of the section, before the person has served a minimum of five days' imprisonment. Thus, the minimum sentence which could be imposed upon Harpool, upon his third conviction of a violation of 8-262, was imprisonment for not less

than one nor more than two years. K.S.A. 21-4501(e). Also, he could not be released on probation or parole until he had been imprisoned for a minimum of five days.

A court normally is not required to impose a sentence of imprisonment; under K.S.A. 1989 Supp. 21-4603, it may instead impose a fine, assign the defendant to a community correctional services program, release the defendant on probabion, suspend the imposition of sentence, or impose any other combination of punishments listed in 21-4603(2). See *State v. Keeley*, 236 Kan. at 559. A court is, however, required to impose a sentence of imprisonment when the violated statute itself prescribes such a sentence. One example of such a statute is K.S.A. 1989 Supp. 21-4618, which requires mandatory imprisonment when a firearm has been used in committing certain crimes. See 236 Kan. at 560. K.S.A. 1989 Supp. 8-262(3) is also such a statute with its minimum requirement of at least five days' imprisonment for second or subsequent convictions.

K.S.A. 1989 Supp. 8-262(a)(3), being a specific statute which requires short-term imprisonment before parole, controls over the presumptive sentence statute, K.S.A. 1989 Supp. 21-4606a, a statute of general application. We find nothing to indicate that the legislature intended otherwise.

The sentence imposed was clearly illegal. The final point for determination is whether the case should be remanded to the trial court for imposition of the proper sentence. K.S.A. 22-3504 provides that "[t]he court may correct an illegal sentence at any time. The defendant shall receive full credit for time spent in custody under the sentence prior to correction." Case law from our court and other jurisdictions, including the United States Supreme Court, clearly supports a literal interpretation of such statutes. *Bozza v. United States*, 330 U.S. 160, 91 L. Ed. 818, 67 S. Ct. 645 (1947); *State v. Osbey*, 238 Kan. 280, 287-88, 710 P.2d 676 (1985).

Harpool has served much of the original sentence imposed upon him. He is entitled to full credit for time served. However, that sentence was improper, and we conclude the case must be remanded to the trial court in order that the lawful sentence may be imposed. The trial court may or may not place Harpool on

probation for the balance of his legal sentence; we leave that determination to the sound discretion of that court.

We have considered all points not specifically discussed herein and find no merit in them.

The judgment of the district court is reversed, and the case is remanded for imposition of a lawful sentence upon the defendant.