No. 65,609

STATE OF KANSAS, *Appellant,* v. ROBERT A. FRAZIER, *Appellee.*

(811 P.2d 1240)

Opinion filed May 24, 1991.

*Leo T. Gensweider,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellant.

*Lucille Marino,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with her on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This is an appeal by the State of Kansas on a question reserved pursuant to K.S.A. 22-3602(b)(3). The question is whether a minor 17 years of age, who is convicted a third time for driving with a suspended license, a class E felony, is subject to the mandatory sentence of five days in prison, as required by K.S.A. 1990 Supp. 8-262(a)(3).

The facts are not in dispute. Defendant was arrested in March 1990 and charged with five traffic offenses, including driving with a suspended driver's license, while having two prior convictions for the same offense. K.S.A. 1990 Supp. 8-262(a)(1). Defendant was born January 13, 1973, making him a juvenile at the time of his arrest.

On May 23, 1990, defendant entered a nolo contendere plea to the charge of driving with a suspended license. The court accepted the plea and found defendant guilty of operating a motor vehicle while his driver's license was suspended and while having two prior convictions for the same offense. The other charges were dismissed with prejudice. The court sentenced defendant to a period of incarceration with the Secretary of Corrections of the State of Kansas for not less than one year nor more than two years, suspended the sentence, and placed defendant on probation for one year with the specific condition that defendant serve five days in the Woodson County Jail.

On May 25, 1990, the State filed a motion to correct the illegal sentence because it did not impose five days' mandatory imprisonment, as required by K.S.A. 1990 Supp. 8-262(a)(3). *State v. Harpool*, 246 Kan. 226, 229, 788 P.2d 281 (1990). On June 4, 1990, the district court modified the sentence. Complying with *Harpool*, defendant was sentenced to the custody of the secretary of corrections for a period of not less than one year nor more than two years. Defendant was ordered to report to the Woodson County Sheriff on June 30, 1990, to commence serving the sentence.

On June 12, 1990, defendant filed a motion to reconsider the decision of June 4, 1990, pointing out that he was under the age of 18 and could not be incarcerated at an adult facility. On August 2, 1990, the district court once again modified the sentence and sentenced defendant to 10 days in a juvenile detention facility,

to be determined later by the court, but suspended sentence and placed defendant on supervised probation for a period of one year. The court noted that confinement of defendant would require placement in a juvenile detention facility and none was available in Woodson County. Defendant was assessed court costs and ordered to reimburse his attorney fees. The State, pursuant to K.S.A. 22-3602(b)(3), reserved for appeal the question of whether defendant should be sentenced pursuant to K.S.A. 1990 Supp. 8-262 and *Harpool.*

Because this was defendant's third conviction for driving with a suspended license, he was guilty of a class E felony. K.S.A. 21-4501(e) fixes the term of imprisonment authorized for a class E felony to be "an indeterminate term of imprisonment, the minimum of which shall be one year and the maximum of which shall be fixed by the court at not less than two years nor more than five years." K.S.A. 1990 Supp. 8-262(a)(3) also contains a specific penalty requirement that "every person convicted under this section shall be sentenced to at least five days' imprisonment and fined at least $100 and upon a second or subsequent conviction shall not be eligible for parole until completion of five days' imprisonment." In *Harpool,* this court held that, although the defendant was eligible for a presumptive probation pursuant to K.S.A. 1989 Supp. 21-4606a, the specific requirement of 8-262(a)(3) imposing a mandatory five-day imprisonment was binding and had to be served before the defendant was eligible for parole. 246 Kan. at 229.

A juvenile offender is defined under K.S.A. 1990 Supp. 38-1602, which states in relevant part:

"(a) 'Juvenile' means a person 10 or more years of age but less than 18 years of age.

"(b) 'Juvenile offender' means a person who does an act while a juvenile which if done by an adult would constitute the commission of a felony or misdemeanor . . . but does not include:

"(1) A person 14 or more years of age who commits a traffic offense in violation of chapter 8 of the Kansas Statutes Annotated or any city ordinance or county resolution which relates to the regulation of traffic on the roads, highways or streets or the operation of self-propelled or nonself-propelled vehicles of any kind."

Defendant, who was 17 years old at the time of the offense, clearly meets the age qualification of the Juvenile Offenders Code

(Code). A third offense under 8-262 makes the conviction a class E felony, which comes within the definition of "juvenile offender." The exclusion of persons 14 years of age or older from the definition of "juvenile offender" applies only to the commission of "a traffic offense in violation of chapter 8 of the Kansas Statutes Annotated." The definition of "traffic offense" is not within the Code. Instead, K.S.A. 1990 Supp. 38-1602(b)(1) excludes a person who commits a "traffic offense in violation of chapter 8." The definition of "traffic offense" in chapter 8 is at K.S.A. 1990 Supp. 8-2117(d), which states:

"As used in this section, 'traffic offense' means a violation of the uniform act regulating traffic on highways or a violation of a city ordinance or county resolution which relates to the regulation of traffic on the roads, highways or streets or the operation of self-propelled or nonself-propelled vehicles of any kind."

Pursuant to K.S.A. 1990 Supp. 8-2117(a), a court may hear prosecutions of traffic offenses involving any child 14 or more years of age but less than 18 years of age and, upon conviction, may order "that the child be placed in a juvenile detention facility . . . for not more than 10 days." In addition, subsection (c) of 8-2117 provides that, instead of imposing the penalties provided in subsections (a) and (b), the court "may place the child under a house arrest program . . . and sentence the child to the same sentence as an adult traffic offender under K.S.A. [1990] Supp. 8-2116." At the third and final sentencing here, the district court relied upon K.S.A. 1990 Supp. 8-2117(a) to impose a sentence of 10 days' incarceration in a juvenile facility, but then suspended the sentence and placed defendant on one year's supervised probation.

The State argues that the district court erred in sentencing defendant pursuant to 8-2117, contending that the court should have imposed five days' imprisonment as required by 8-262(a)(3) and *Harpool.* In *Harpool,* the trial court sentenced the defendant to 180 days in the county jail. The State appealed the sentence on a question reserved. We held the sentence was erroneous because the offense was a felony, and the sentence of confinement required that the defendant be committed to the custody of the secretary of corrections. 246 Kan. at 227.

The Kansas Legislature has determined that, under certain circumstances, a juvenile who would otherwise be subject to the Code is not. K.S.A. 1990 Supp. 38-1602(b)(1) exempts persons 14 or more years of age who commit traffic offenses in violation of Chapter 8 of the Kansas Statutes Annotated. Persons who do not have "juvenile offender" status pursuant to K.S.A. 1990 Supp. 38-1602(b) are not covered by the Code and, instead, are allowed to be tried as adults. *State v. Lowe,* 238 Kan. 755, 758-59, 715 P.2d 404 (1986). *Cf. Ruebke v. State,* 11 Kan. App. 2d 353, 720 P.2d 1141, *rev. denied* 240 Kan. 805 (1986), *cert. denied* 479 U.S. 1096 (1987) (only juvenile offenders as defined in the Code are guaranteed the right to appeal under K.S.A. 1985 Supp. 38-1681 from an order authorizing prosecution as an adult).

Pursuant to K.S.A. 1990 Supp. 8-2104(d), persons who are charged with felony traffic violations must "be taken without unnecessary delay before a judge of the district court." The State must file a verified complaint or information for such felony traffic violations. *State v. Fraker,* 242 Kan. 466, 467, 748 P.2d 868 (1988). Furthermore, K.S.A. 1990 Supp. 8-2104(a) requires law enforcement officers to take people into custody who are charged with certain offenses not amounting to a felony, including violation of 8-262.

The State argues that 8-2117 merely sets out alternate sentences that a court may impose for persons convicted of traffic offenses who are at least 14 but less than 18 years of age. The State argues that one alternate sentence the court may impose in such a juvenile traffic offense is placing the child under house arrest and sentencing the child to the same sentence as an adult traffic offender under K.S.A. 1990 Supp. 8-2116. This statute, which the State points out describes misdemeanor offenses, provides that every person convicted of violating any of the sections listed in the uniform fine schedule at K.S.A. 1990 Supp. 8-2118 is guilty of a traffic infraction. Furthermore, except when another penalty or class of misdemeanors is provided by statute, every person convicted of violating any provision of the Uniform Act Regulating Traffic on Highways designated as a misdemeanor is guilty of a class C misdemeanor, except upon a second conviction within one year, a class B misdemeanor, and, upon a third or subsequent

conviction committed within one year of the first such offense, a class A misdemeanor. K.S.A. 1990 Supp. 8-2116(b).

An adult convicted of a class A misdemeanor can be sentenced to one year in the county jail. The State argues that, because under K.S.A. 1990 Supp. 8-2117(c) a court may sentence a juvenile traffic offender the same as an adult traffic offender, a traffic offender under the age of 18 years could be sentenced to one year in the county jail. The State further argues that, because K.S.A. 1990 Supp. 8-2117(c) concerns possible sentences the court may impose for traffic offenses that constitute misdemeanors, the sentencing alternatives in 8-2117 for juvenile traffic offenders do not apply to traffic offenses that amount to felonies. The alternative sentences in 8-2117 for juvenile traffic offenders conflict with the clear language of 8-262 requiring a minimum of five days' incarceration for persons convicted of driving with a suspended license three or more times. Therefore, according to the State, the mandatory language of 8-262(a)(3) requires the court to impose a minimum of five days' imprisonment for this felony conviction.

Defendant counters that K.S.A. 1990 Supp. 8-262 does not fall within the definition of traffic offenses and, therefore, the State improperly charged defendant in an adult prosecution. If so, the district court was without jurisdiction to treat defendant as an adult to assess guilt. Defendant argues that, because the district court treated him as a juvenile for disposition, the end result is correct and, upon remand, the only correction will be to set aside any finding of "guilt" and, instead, adjudge defendant a juvenile offender.

Defendant notes that the Court of Appeals, in *In re Hockenbury*, 9 Kan. App. 2d 450, 452, 680 P.2d 561 (1984), compared a prior statute with the new Code, noting:

"Under the prior law, certain traffic offenses when committed by a child under the age of fourteen could only be addressed in juvenile proceedings. K.S.A. 38-802(e). These violations included driving with a suspended or revoked license (K.S.A. 8-262), driving after adjudication as a habitual violator (K.S.A. 8-287), reckless driving (K.S.A. 8-1566), fleeing or attempting to elude a police officer (K.S.A. 8-1568), vehicular homicide (K.S.A. 21-3405) and DUI (K.S.A. 8-1567). The new juvenile offender code [effective January 1, 1983] eliminates the special treatment previously shown these

offenses and requires that all traffic offenders fourteen or more years of age be criminally prosecuted."

Defendant asserts the general statement that the new Code eliminates special treatment for offenders of 8-262 is dicta because the issue decided in *Hockenbury* was whether the statute was retroactive. Furthermore, 8-2117 did not contain the definition of "traffic offense" until the July 1, 1986, amendments following the filing of the opinion in *Hockenbury*. L. 1986, ch. 161, § 7.

The decision of the Court of Appeals in *State v. D.L.P.*, 13 Kan. App. 2d 647, 651-54, 778 P.2d 851 (1989), contains an extensive summary of the history of 8-2117. In *D.L.P.*, the 17-year-old defendant appealed his first DUI conviction and 6-month sentence after his initially imposed probation was revoked. In his second case, he was convicted of DUI and driving with a suspended license. He was sentenced to 90 days on the DUI and placed on probation for one year after serving five days. He was sentenced to a full 90 days in the county jail for driving with a suspended license.

On appeal, the incarceration portions of the sentences were challenged. 13 Kan. App. 2d at 648-49. The Court of Appeals agreed that the sentences were illegal, holding that the provisions of 8-2117 applied exclusively to the punishment of traffic offenders who are at least 14 but less than 18 years of age, and that the maximum period of incarceration is 10 days in a juvenile detention facility. 13 Kan. App. 2d at 655. After reviewing the statutory history of 8-2117 and 38-1602, the court concluded:

"It is clear to this court that, beginning in 1978, the legislature made a determination that young people between the ages of 14 and 18 years should not be prosecuted in the juvenile court for traffic offenses. In implementing this decision, the legislature has used the definition section in the juvenile code to spell out which young people were not to be considered 'juvenile offenders' and should, therefore, be made subject to the jurisdiction of the adult courts. At the same time, the legislature has been very consistent in making it clear that, while it was willing for these young offenders to pay the same fines as adults, lose their licenses as adults, and be tried as adults, they were not to be incarcerated as adults. If K.S.A. 1988 Supp. 8-2117 does not exist to limit the incarceration which can be imposed on a young traffic offender, then it has no purpose at all. We decline to nullify what appears to be a very clear expression of legislative intent by holding that, despite the specific language in 8-2117, a youthful traffic offender may be

sentenced to the same term of incarceration and under the same conditions as an adult." 13 Kan. App. 2d at 653-54.

Because the court in *D.L.P.* did not cite or discuss the definition of traffic offense contained in 8-2117, defendant argues that the court's conclusion that 38-1602(b)(1) and 8-2117 exclude 8-262 from those acts subjecting a youthful offender to juvenile offender status is erroneous. Defendant argues that, under the legislature's definition of "traffic offense" in 8-2117(d), the following are not traffic offenses that exclude treatment of 14- to 17-year-olds as juvenile offenders: driving with a suspended license, K.S.A. 8-262; operating a vehicle after having been adjudged a habitual violator, K.S.A. 8-287; and vehicular homicide, K.S.A. 21-3405. These offenses are outside the Uniform Act Regulating Traffic on Highways offenses and all constitute felony offenses, albeit in the case of 8-262, only when a third or subsequent conviction occurs. With the exception of fleeing a police officer, which upon a third conviction becomes a class E felony, those offenses found in article 15 of chapter 8 are misdemeanor offenses. Defendant argues that the language of 38-1602(b)(1), without reference to 8-2117(d), excludes violations of 21-3405 because it refers to "a traffic offense in violation of chapter 8." Thus, the dicta in *D.L.P.*, that youthful offenders are subject to adult treatment for vehicular homicide, must be discounted.

Because a third or subsequent conviction under K.S.A. 1990 Supp. 8-262 is a felony as defined by K.S.A. 21-3105, defendant reasons that a person under the age of 18 years committing such an act must be treated as a juvenile offender and not as an adult. According to defendant, following his plea of nolo contendere, he should have been adjudged a juvenile offender. K.S.A. 38-1634. The authorized disposition would then have been selected from K.S.A. 1990 Supp. 38-1663, which allows probation, placement in the custody of a parent or other suitable person, placement in the custody of a youth residential facility, placement in the custody of the secretary of social and rehabilitation services, or an appropriate combination. Only under certain circumstances, not applicable here, can the juvenile offender be committed to the state youth center. K.S.A. 1990 Supp. 38-1663(a)(6).

Under defendant's argument, the State was incorrect in urging sentencing and incarceration as an adult, and defendant's trial

counsel was incorrect in seeking sentencing pursuant to K.S.A. 1990 Supp. 8-2117. But defendant's trial counsel was correct in wanting defendant "sentenced" as a juvenile. Defendant asserts that, aside from the amounts of court and probation costs, which may be different for juvenile proceedings, the basic sentence of one year's supervised probation was an authorized disposition pursuant to K.S.A. 1990 Supp. 38-1663. Therefore, the case should be remanded for the deletion of any references to the words "conviction," "guilt," "defendant," or "sentence," or for an order nunc pro tunc adjudging defendant to be a juvenile offender and restating the punishment as a disposition.

We find merit in defendant's argument. In interpreting this criminal statute, it must be construed strictly against the State and in favor of the accused. In *State v. Trudell*, 243 Kan. 29, 34, 755 P.2d 511 (1988), this court noted:

"[O]ur largest hurdle is that a criminal statute, with its punitive effect, cannot be construed liberally for the State. The rule of strict construction of penal statutes against the State and for the accused is, according to Justice Marshall, 'not much less old than construction itself.' *United States v. Wiltberger*, 18 U.S. (5 Wheat) 76, 95, 5 L. Ed. 37 (1820). Whereas a tort statute may be construed liberally in order to give effect to its remedial purpose, we may not give a different meaning to a word in a criminal statute than that word usually possesses. The word should not be given a meaning which leads to uncertainty or confusion if it is possible to construe it otherwise. *State v. Thompson*, 237 Kan. [562,] 566 [, 701 P.2d 694 (1985)]; *State v. Dubish*, 234 Kan. 708, 712, 675 P.2d 877 (1984). See [Comment, *Criminal Law—Viable Fetus is Person for Purposes of Massachusetts Vehicular Homicide Statute*,] 19 Suffolk U.L. Rev. [145,] 148-49 [1985]."

As defendant points out, the provisions of K.S.A. 1990 Supp. 38-1602(b)(1) that remove traffic offenses from the Code specify commission of "a traffic offense in violation of chapter 8 of the Kansas Statutes Annotated." The definition of traffic offense in chapter 8 appears at 8-2117(d). It defines "traffic offense" as "a violation of the uniform act regulating traffic on highways." The Uniform Act Regulating Traffic on Highways, covering automobiles and other vehicles, "includes K.S.A. 8-1334 to 8-1341, inclusive, and all sections located in articles 10 and 14 to 22, inclusive, of chapter 8 of Kansas Statutes Annotated and K.S.A. [1990] Supp. 8-1,129, 8-1,130a, 8-1428a, 8-1742a and 8-2118." K.S.A. 1990 Supp. 8-2204. K.S.A. 1990 Supp. 8-262 appears in

article 2 and is not included in 8-2204. Under this analysis, one must conclude that a violation of 8-262 is not a violation of the Uniform Act Regulating Traffic on Highways. Consequently, a violation of 8-262 is not a "traffic offense" as defined in 8-2117(d). Because it is not a traffic offense in violation of chapter 8 of the Kansas Statutes Annotated, it is not excluded from coverage of the Code under 38-1602.

In *State v. D.L.P.*, 13 Kan. App. 2d 647, the sentencing challenged in that case dealt with a DUI conviction, which would be in violation of 8-2117. Chapter 21 is within the Uniform Act Regulating Traffic on Highways and, therefore, would be excluded from coverage under the Code under 38-1602(b)(1). Thus, the Court of Appeals' conclusion that 8-2117 applied exclusively to punishment of youthful traffic offenders, who are least 14 but less than 18 years of age, would apply to the DUI convictions. D.L.P., however, was also convicted of driving with a suspended license. Therefore, Syl. ¶ 7 and the corresponding portion of the holding in *D.L.P.*, to the extent that it indicated that driving with a suspended license was also covered by 8-2117, are disapproved.

We conclude that driving with a suspended license is not a "traffic offense" as defined in K.S.A. 1990 Supp. 8-2117(d) and, consequently, is not excluded from coverage under the Code as defined at 38-1602(b)(1). Therefore, we hold that the defendant should have been sentenced pursuant to the Juvenile Offenders Code and that he is not subject to the mandatory five-day sentence pursuant to K.S.A. 1990 Supp. 8-262(a)(3).

In light of the foregoing holding, the final point for determination is whether the case should be remanded. Although defendant did not appeal the decision of the district court, he argues the case should be remanded for the purpose of correcting the journal entry. In *State v. Mayfield*, 241 Kan. 555, 738 P.2d 861 (1987), the defendant was 17 years of age at the time of the alleged crime, but he was 18 at the time of his arrest. He was prosecuted as an adult based upon his initial misrepresentation of his age. Mayfield entered a plea bargain, pled guilty, and, after serving 30 days of a 1- to 10-year sentence, was placed on probation. His motion to set aside the conviction and for dismissal because he was a juvenile at the time of the offense was denied by the district court, and the denial was affirmed by the Court

of Appeals. We found no basis for the conclusion that Mayfield had waived his rights under the Code or had waived jurisdiction. We reversed and remanded the case with directions to set aside Mayfield's conviction, stating:

"Thus, we think it is abundantly clear that the Kansas juvenile code (and now the Kansas juvenile offenders code) established an exclusive procedure for those subject to its provisions and the district court did not have jurisdiction of the subject matter of the action against appellant. To obtain such jurisdiction the proceedings had to be instituted under the provisions of the Kansas juvenile code as it existed in 1978. Failure of the State to proceed in accordance with the code deprived the court of jurisdiction to accept appellant's attempted plea of guilty to a crime when the acts complained of were done by appellant at a time when he was under the age of eighteen. The district court and the Court of Appeals were in error in concluding that as the acts of Mayfield would have constituted a felony if he had been an adult, the court had jurisdiciton of the subject matter. The subject matter of the action was not a criminal prosecution for a felony but a juvenile proceeding which was never commenced pursuant to the juvenile code." 241 Kan. at 561.

In *State v. Thomas*, 239 Kan. 457, Syl. ¶ 4, 720 P.2d 1059 (1986), we held that an illegal sentence is "either a sentence imposed by a court without jurisdiction; a sentence which does not conform to the stautory provisions, either in the character or the term of the punishment authorized; or a sentence which is ambigous with respect to the time and manner in which it is to be served."

A juvenile subject to treatment under the Code cannot be incarcerated in a county jail or other adult facility. Although the sentence of one year's probation is an authorized disposition pursuant to K.S.A. 1990 Supp. 38-1663, the district court did not have subject matter jurisdiction to accept defendant's plea of nolo contendere, and thus the sentence imposed by the district court was an illegal sentence.

In *Harpool*, 246 Kan. 226, as here, the appeal was by the State on a question reserved. There, as here, we concluded the sentence was illegal. However, instead of denying the State's appeal, we reversed and determined that the case should be remanded for imposition of a lawful sentence. Obviously, more than imposition of a lawful sentence is required on remand in the present case.

In *State v. Puckett*, 230 Kan. 596, 600-01, 640 P.2d 1198 (1982), this court held:

"[A]lthough *ordinarily* an appellate court will not consider an issue which has not been raised in the trial court or which has not been raised by the parties on appeal, the court does have the power to do so in exceptional circumstances, where consideration of the new issue is necessary to serve the ends of justice or to prevent a denial of fundamental rights."

We conclude this case presents exceptional circumstances and that remand is necessary to serve the ends of justice.

The judgment of the district court is reversed, and the case is remanded with directions to set aside the conviction.