No. 56,618

STATE OF KANSAS, *Appellant*, v. JOHN R. KEELEY, *Appellee*.

(694 P.2d 422)

Opinion filed January 26, 1985.

*Philip M. Durr,* county attorney, argued the cause and *Robert T. Stephan,* attorney general, was with him on the brief for appellant.

*Randall C. Henry,* of Mitchell and Henry, of Hutchinson, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: This is an appeal by the State where the judge imposed a fine instead of imprisonment pursuant to K.S.A. 21-4618 after the defendant had been convicted of the offense of aggravated battery (K.S.A. 21-3414) involving the use of a firearm.

Allen Beach had been employed by John R. Keeley, the defendant, for two and one-half months to assist with general work on Keeley's farm. On January 25, 1983, Beach had fed the livestock near Raymond and Sterling, Kansas, and then went to Keeley's house in Sterling to work on a truck.

After Beach commenced to repair the truck, Keeley came out of his house to tell Beach to work on another truck. An argument ensued between them. Keeley ordered Beach to take a week off. Beach took his tool box from Keeley's truck and headed toward

his car. Keeley went into his house, picked up a pistol, and returned outside. Keeley claimed that Beach then started walking toward him. Keeley pointed the pistol at Beach. When Beach continued coming towards him, Keeley shot Beach.

A jury found Keeley guilty of aggravated battery on July 22, 1983. On January 13, 1984, defendant was sentenced to a term of three to five years, fined $5,000.00, and granted probation by the sentencing judge. The State objected to the granting of probation because a firearm had been involved. The judge altered the sentence, fining the defendant $10,000.00, with $5,000.00 stayed upon the condition the defendant seek treatment for alcoholism and that he refrain from using alcohol for three years. The State again protested the sentence as being in violation of K.S.A. 21-4618. The judge refused to change the sentence. The State appealed.

The single issue raised is whether the judge can, pursuant to K.S.A. 1983 Supp. 21-4503, impose a fine instead of imprisonment when the crime involves the use of a firearm, and 21-4618 requires that when a firearm is involved, the defendant "shall be sentenced to not less than the minimum sentence of imprisonment authorized by law" for that crime.

The sentencing judge reasoned that while 21-4618 prevents a judge from granting probation or suspending a sentence, it does not preclude the court from imposing a fine in lieu of imprisonment; and that when K.S.A. 21-4503 was amended in 1983 by the legislature, it intended that an individual convicted of a crime where a firearm was used, under proper circumstances, could be fined instead of imprisoned for a mandatory number of years. The State argues that 21-4618 requires a sentence be of at least the minimum term of years whenever a crime involves the use of a firearm and that the amendment of 21-4503 in no way implies a repeal of the firearm statute or a shift of intent by the legislature.

We agree with the State's argument.

K.S.A. 21-4618 provides:

"(1) *Probation or suspension of sentence shall not be granted to any defendant* who is convicted of the commission of the crime of rape, the crime of aggravated sodomy or any crime set out in article 34 of chapter 21 of the Kansas Statutes Annotated in which the defendant used any firearm in the commission thereof and *such defendant shall be sentenced to not less than the minimum sentence of imprisonment authorized by law for that crime.* This section shall apply only to crimes committed after the effective date of this act. This section

shall not apply to any crime committed by a person under eighteen (18) years of age.

"(2) When a court has sentenced a defendant as provided above, the court shall state in the sentencing order of the judgment form or journal entry, whichever is delivered with the defendant to the correctional institution, that the defendant has been sentenced pursuant to this section 21-4618 based on a finding by the court that a firearm was so used." Emphasis supplied.

The statute, as originally enacted in 1976, applied only to Article 34 crimes. It was amended to include the crimes of rape and sodomy in 1979. The 1980 amendment clarified the duty of the sentencing judge to state in the journal entry or sentencing order that the court has found that a firearm was used in the commission of the crime as a basis for imposing sentence under this section. Immediately after enactment of 21-4618, the appellate courts considered several cases involving persons convicted and sentenced under the statute attempting to evade mandatory sentence provisions of the statute.

The first case to construe the statute after it was enacted was *Esters v. State*, 1 Kan. App. 2d 503, 571 P.2d 32 (1977). There, the defendant pled nolo contendere to a charge of involuntary manslaughter. The trial court, after determining that a firearm had been used, denied defendant's motion for suspended sentence or probation based on K.S.A. 1976 Supp. 21-4618. The 1976 statute referred only to probation and not to suspension of sentences. Defendant claimed that the statute applied only to probation and not to suspension of sentence. The Court of Appeals correctly determined the statute required that the defendant *be sentenced*. The court said suspension of sentence by its definition is the release of a defendant without sentence, and, therefore, the statute prohibits suspension of sentence. In considering the legislative history of 21-4618, the Court of Appeals said:

"Our examination of the legislative history of 21-4618 indicates to us that our analysis of that statute is correct. The official minutes of both the House and the Senate judiciary committees, which considered and passed 21-4618, speak of such things as mandatory sentences and guaranteed service of jail time. For example, one state legislator commented that 'the purpose of the mandatory sentence was the deterrent of the guaranteed service of some time.'

"We have concluded that both the clear language of 21-4618 and the clear legislative intent in passing that statute require that those criminal wrongdoers who use firearms in the commission of those crimes defined in article 34 of chapter 21 *must* serve some jail time. Appellant's proposal that the statute permits suspension of sentence is contrary to the clear language of the statute and

contrary to the legislative intent, and therefore must be rejected." 1 Kan. App. 2d at 506.

The constitutionality of the statute was considered in *State v. Freeman*, 223 Kan. 362, 574 P.2d 950 (1978). The *Freeman* court said that when 21-4618 was read in conjunction with K.S.A. 1977 Supp. 22-3717 (8) (since amended), which provided that anyone sentenced pursuant to 21-4618 was not eligible for parole until he had served the minimum sentence imposed, "the legislative effect is to impose mandatory minimum sentences for all Article 34 crimes in which the defendant used a firearm in the commission of the crime." 223 Kan. at 364. We determined that enacting statutes imposing mandatory sentences, prohibiting probation or parole of an individual convicted of a crime where a firearm is used, is a legitimate legislative concern. There had been much public concern over the increased number of crimes where firearms were involved. By singling out the use of a firearm for a mandatory sentence the legislature merely addressed itself to a problem urgently requiring remedial action. The deterrence of the use of guns in committing crimes against persons (Article 34 crimes) was a legitimate governmental interest and the imposition of a mandatory minimum sentence bears a rational relationship to that goal.

In *State v. McDaniel & Owens*, 228 Kan. 172, 612 P.2d 1231 (1980), we stated that the provisions of 21-4618 denying probation and parole privileges to a defendant convicted of an Article 34 crime in which the defendant used a firearm in the commission of a crime was not such a restriction on the judicial power of the sentencing judge so as to constitute an impermissible legislative usurpation of the court's prerogatives. In *State v. Ramsey*, 228 Kan. 127, 612 P.2d 603 (1980), we concluded that it was the clear legislative intent of 21-4618 to divest the trial court of alternatives to sentencing when a firearm is used by a defendant in the commission of one of the crimes specified in the statute.

Our cases have consistently held that if one uses a firearm to commit one of the crimes listed in 21-4618, he must be sentenced. The question is whether 21-4503, which provides that a person convicted of a felony may, in addition to or instead of imprisonment, be fined, conflicts with 21-4618. The trial judge in this case noted that 21-4503 had been amended since 21-4618 was enacted in 1976. He applied the rule of statutory construc-

tion that if there is an irreconcilable conflict between two statutes, the later enactment controls.

K.S.A. 1983 Supp. 21-4503 was originally enacted in 1969. The legislature made two changes in the statute when amending in 1983. It increased the figure in 21-4503 (1) (a) from $10,000.00 to $15,000.00 and the figure in 21-4503 (1) (b) from $5,000.00 to $10,000.00. The amendment to 21-4503 was only a small part of Senate Bill No. 4, one of six related bills introduced in 1983 by the Senate Agriculture and Small Business Committee. The six bills together primarily dealt with changes in the criminal statutes affecting grain warehousing. The bills created the crime of grain embezzlement and enacted stiffer penalties to deter the theft of scale tickets and warehouse receipts. Nothing in the committee minutes shows that the proposed amendments to 21-4503 were meant in any way to affect 21-4618.

K.S.A. 21-4603 provides that whenever a person is found guilty of a crime, the court may sentence him to prison, impose a fine, release the defendant on probation, suspend imposition of a sentence or any combination of these. K.S.A. 21-4607 provides criteria for imposing fines. Part (1) declares that the fine shall not be the sole punishment unless the court is of the opinion it is appropriate considering the characteristics of the defendant and the crime and public protection. K.S.A. 1983 Supp. 21-4503 allows the court to impose a fine instead of imprisonment when a person has been convicted of a felony or a misdemeanor.

Both parties rely on various rules of statutory construction to support their arguments. The more relevant rules include: The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. *State v. Yost*, 232 Kan. 370, 654 P.2d 458 (1982). Where clarification of a statute is required, a judicial interpretation is made that will give life to the statute rather than one which will nullify it. *State ex rel. Stephan v. Martin*, 230 Kan. 747, 641 P.2d 1011 (1982). In determining legislative intent, the court may properly look to the purpose to be accomplished, and the necessity and effect of the statute. *State ex rel. Stephan v. Lane*, 228 Kan. 379, 614 P.2d 987 (1980).

In construing statutes, legislative intention is to be determined from general consideration of the entire act; effect must be given, if possible, to the entire act and every part thereof, and, to this

end, it is the duty of the court, so far as practicable, to reconcile different provisions so as to make them consistent, harmonious, and sensible. *Wirt v. Esrey*, 233 Kan. 300, 662 P.2d 1238 (1983). A rule of statutory construction is that old statutes must be read in the light of later legislative enactments; an older statute must be harmonized with a newer one; if a conflict exists, the older statute must be subordinated to the newer one. *Thomas v. Board of Trustees of Salem Township*, 224 Kan. 539, 582 P.2d 271 (1978). Where there is a conflict between a statute dealing generally with a subject and another dealing specifically with a certain phase of it, the specific legislation controls. *Garden City Educators' Ass'n v. Vance*, 224 Kan. 732, 585 P.2d 1057 (1978). Penal statutes must be construed in favor of the person sought to be subjected to their operations, which simply means that ordinary words are to be given their ordinary meaning. *State v. Zimmerman & Schmidt*, 233 Kan. 151, 660 P.2d 960 (1983).

The power to prescribe the penalty to be imposed for the commission of a crime rests exclusively with the legislature, not the courts. The power of the legislature to specify the punishment for a crime is controlled only by the Constitutions of the United States and the State of Kansas. The clear intent of the legislature when it enacted 21-4618 was to insure that an individual using a firearm during the commission of the crimes set out in that statute not be granted probation or a suspension of his sentence. Such individual is required by the statute to be sentenced to not less than the minimum sentence of imprisonment authorized by law for that crime. The sole purpose of 21-4618 is to insure that at least the minimum sentence be imposed by a judge to deter the use of a firearm by an individual in the commission of the specified crimes. Where a statute specifically states that "such defendant *shall* be sentenced to not less than the minimum sentence," the defendant must be so sentenced.

K.S.A. 1983 Supp. 21-4503 is a general statute setting forth the maximum fine that can be imposed in addition to or instead of imprisonment for felony or misdemeanor crimes. K.S.A. 21-4618 is a specific statute requiring that at least the minimum sentence be imposed whether the individual is fined or not. A judge who fines a defendant convicted of one of the crimes specified in 21-4618 in lieu of imposing at least the minimum sentence for the use of a firearm undermines the very purpose of the statute.

The trial judge erred when he failed to impose at least the minimum sentence for aggravated battery, since a firearm was used by the defendant in the commission of the crime. The case is remanded to the sentencing judge for the purpose of resentencing in accordance with the proper statutory procedure.