Ted D. Ayres General Counsel Kansas Board of Regents 700 S.W. Harrison, Suite 1410 Topeka, Kansas 66603-3760
Dear Mr. Ayres:
On behalf of Kansas State University, you request our opinion regarding the election of extension district board members pursuant to K.S.A. 2-623et seq. Specifically your questions are as follows:
"1. May term limits be imposed on Board members?
"2. May Board members be elected by subject matter categories?
 "3. May appointments to Program Development Committees be made with equal commissioner district representation and subject to term limits?
 "4. Who pays the cost associated with the Extension District election?"
K.S.A. 2-623(a) provides for the creation of extension districts by agreement between two or more county extension councils. Once created, each extension district "shall constitute a body corporate and politic possessing the usual powers of a corporation for public purposes" and is a taxing subdivision. K.S.A. 2-623(c). Initially the governing body of each extension district is to be composed of four qualified electors appointed by each county joining in the establishment of the district.
 "The terms of all members so appointed shall commence on January 1 following their appointment. Of the members so appointed two members shall serve for terms ending upon the election and qualification of their successors at an election held on the first Tuesday in April of the first odd-numbered year following their appointment and two members shall serve for terms ending upon the election and qualification of their successors at an election held on the first Tuesday in April of the second odd-numbered year following their appointment." K.S.A. 2-623(e).
K.S.A. 2-624 then provides that, at the conclusion of the terms of the appointed members, the four members representing each county in the extension district shall be elected in a county-wide election and shall each serve terms of four years and until their successors are elected and qualified. The statutes set forth no additional qualifications for the office of extension district board member.
In Attorney General Opinion No. 92-134 we concluded that, absent express legislative or constitutional authorization, a county could not affect changes in legislatively created eligibility rules for elected county officials and thus the county could not establish term limits on elected offices where no such limits existed in the statutes or constitution. The analysis applies to the offices here in question. Article 2, section 18 and article 15, section 1 of the Kansas constitution vest authority in the legislature to provide for the election of all officers other than those provided for in the constitution. It is also for the legislature to determine the qualifications of such officers. See Leek v. Theis, 217 Kan. 784, 807
(1975). The legislature has not imposed upon candidates for the office of extension district board member the qualification that they serve no more than two consecutive terms. Neither has the legislature delegated to the county extension councils the authority to impose such qualifications. Thus, in our opinion, term limits may not be imposed on the candidates for the office of extension district board member. Similarly, candidates may not be required to run for a specific position, other than that the candidates must be from the county which they seek to represent.
With regard to the appointment of program development committees, K.S.A. 2-625(a) provides:
 "The governing body of each extension district shall plan and conduct the educational extension programs for the extension district in accordance with this act. The governing body of the extension district shall appoint program development committees to develop educational program plans on extension work in agricultural pursuits, in home economics work, in 4-H club and youth work, and in economic development initiatives. Each program development committee shall consist of six or more members from each county. Each program development committee shall be chaired by a member of the governing body of the extension district and shall meet as needed to plan educational programs to meet the needs of the extension district. All program plans shall be subject to final approval of the governing body of the extension district."
There are no guidelines or limitations on the extension district governing body's appointment authority other than the requirement that each committee consist of at least six members from each county, one of whom must be on the extension district governing body. The governing body is therefore free to appoint program development committee members as it sees fit and may take into consideration the commissioner district in which the person resides. Appointments need not be for a term certain and may be made at the will of the governing body. Thus, while the governing body may not impose additional qualifications per se, it may achieve the same result by exercising its appointment power.
Pursuant to K.S.A. 2-624(c)(4), all expenses of an extension district election shall be paid by the extension district. Further, K.S.A. 25-119
places responsibility for county general election expenses on the county (in counties not having a county election commissioner), but states that "[w]henever it is provided by law that certain election expenses shall be paid or reimbursed by any city, school district, community junior college district or any public special district, this section shall not be construed to prevent such reimbursement." However, K.S.A. 25-2201(b) provides that the direct expenses of any such election will be reimbursed by the district "except for any such election held on a day when every registered voter in the county is authorized to vote at one election or another." In such instances, K.S.A. 25-2201 provides for payment of election expenses by the county with no reimbursement. Extension district members are to be elected in a county-wide election by the qualified electors of the county. K.S.A. 2-624(a). Thus in every instance the election will be held on a day when every registered voter in the county is authorized to vote, yet K.S.A. 2-264(c)(4) specifically calls for election expenses to be paid by the extension district. To the extent K.S.A. 25-2001 cannot be reconciled with K.S.A. 2-264, we believe the latter would control because it is the more recent enactment and is more specific to the extension district election. See State v. Keeley,236 Kan. 555, 560 (1985); Kansas Racing Management, Inc. v. Kansas RacingCommission, 244 Kan. 343, 353 (1989). To the extent it is not inconsistent, the provisions of K.S.A. 25-2201 et seq. apply to determine any necessary apportionment and the procedures for challenging any apportionment.
In conclusion, county extension councils, in establishing an extension district, have no authority to place term limitations or other qualifications on candidates for the office of extension district board member. The governing body of an established extension district may, however, make appointments to program development committees as it sees fit. The costs associated with an extension district election are to be reimbursed by the extension district in accordance with K.S.A. 2-624(c)(4) and K.S.A. 25-2201 et seq.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm