(870 P.2d 695)
No. 69,258

STATE OF KANSAS, *Appellee*, v. JACQUELINE L. COLEMAN,
*Appellant*.
Petition for review denied 255 Kan. 1004 (1994).

 Opinion filed
March 18, 1994. 

*J. Patrick Lawless, Jr.,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Rodney H. Symmonds,* county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before LEWIS, P.J., ELLIOTT and RULON, JJ.

RULON, J.: Jacqueline L. Coleman, defendant, appeals from her convictions of involuntary manslaughter, K.S.A. 21-3404, a class D felony, and unlawful possession of a firearm, K.S.A. 1992 Supp. 21-4204, a class D felony, and from her sentence.

Defendant claims the district court erred by: (1) failing to give the instruction on burden of proof requested by defense counsel; (2) improperly limiting cross-examination of a rebuttal witness; (3) finding it was not manifestly unjust to impose mandatory imprisonment pursuant to K.S.A. 1992 Supp. 21-4618(1) when sentencing defendant; and (4) not considering the presumptive sentence of assignment to community corrections under K.S.A. 1992 Supp. 21-4606b.

We affirm.

A full factual recitation of this case is not required because defendant primarily raises claims of procedural errors committed by the district court. Facts necessary to our resolution of the issues appear, as needed, later in our discussion.

## BURDEN OF PROOF

Defendant argues her conviction for involuntary manslaughter should be reversed because the district court erred in failing to give the jury instruction on burden of proof requested by defense counsel. Defendant claims the language proposed by defendant did not alter the law on self-defense, but simply set forth a statement of fact which was an integral part of the defense of self-defense.

During the instructions conference, defendant requested an instruction based on the first sentence of PIK Crim. 3d 52.08 as follows: "The defendant claims that she was a battered woman and that she acted in self defense." The court refused to deviate from PIK and worded the first sentence of PIK Crim. 3d 52.08

as follows: "The defendant claims as a defense that she acted in self-defense."

The first sentence of PIK Crim. 3d 52.08 states: "The defendant claims as a defense that (here describe the defense claimed)." The notes to PIK Crim. 3d 52.08 list the applicable defenses, which include use of force in defense of a person. The Supreme Court has directed that "PIK Crim. [3d] 52.08 should be given whenever an affirmative defense is asserted in a criminal case." *State v. Crabtree*, 248 Kan. 33, 40, 805 P.2d 1 (1991). Importantly, our Supreme Court has often said the trial court should use the appropriate pattern instruction unless there is some compelling and articulable reason not to do so. See *State v. Wilson*, 240 Kan. 606, 610, 731 P.2d 306 (1987).

Defendant relies on *State v. Hickey*, 12 Kan. App. 2d 781, 757 P.2d 735, *rev. denied* 243 Kan. 781 (1988), to support her contention the district court committed reversible error by failing to give the specific instruction she requested. The *Hickey* court in part said:

"In a criminal action, a trial court must instruct the jury on the law applicable to the theories of both the prosecution and the accused when there is competent supporting evidence. [Citations omitted.] When a trial court refuses to give a specific instruction, the appellate court must view the evidence in the light most favorable to the requesting party. [Citations omitted.]" 12 Kan. App. 2d at 784.

Contrary to defendant's claim, *Hickey* does not require the court to give the specific instruction requested by defendant.

Clearly it is improper for the instructions to single out or give undue emphasis to particular facts or pieces of evidence. See *State v. Blocker*, 211 Kan. 185, 195, 505 P.2d 1099 (1973) (trial court did not err by refusing to instruct the jury as to the turbulent character of the deceased and his predisposition to violence). See also *State v. Hundley*, 236 Kan. 461, 693 P.2d 475 (1985) (PIK Crim. 2d 54.17 self-defense instruction utilizing "immediate" instead of "imminent" constituted reversible error because use of "immediate" required jury to give improper emphasis to the events immediately preceding the act, rather than allowing it to consider the prior, long-term cruel and violent acts); *State v. Rambo*, 10 Kan. App. 2d 418, 425-26, 699 P.2d 542 (1985), *rev. denied* 237 Kan. 888 (" '[i]nstructions should be general in

nature insofar as possible and should not be argumentative or unduly emphasize one particular phase of the case' ").

Evidence of the battered woman syndrome is admitted to help the jury determine whether a defendant's fear and claim of self-defense are reasonable. See *State v. Stewart*, 243 Kan. 639, 648-49, 763 P.2d 572 (1988); *State v. Hodges*, 239 Kan. 63, 73, 716 P.2d 563 (1986). Our Supreme Court has made it clear that evidence of the battered woman syndrome is not a defense to a murder charge. 239 Kan. at 73. Further, the law of self-defense is not to be modified to be more generous to one suffering from battered woman syndrome than to any other defendant relying on self-defense. *Stewart*, 243 Kan. at 648. See also *State v. Cramer*, 17 Kan. App. 2d 623, 634-35, 841 P.2d 1111 (1992) (Supreme Court decisions do not require jury to be advised in PIK Crim. 2d 54.17 that it must use an objective test based on how a " 'reasonably prudent battered woman' " would react to a threat because such language would modify the law on self-defense).

We conclude here defendant has not established a compelling and articulable reason to deviate from PIK. In addition, it is improper for the instructions to give undue emphasis to particular facts. *Hundley*, 236 Kan. at 465; *Blocker*, 211 Kan. at 195. Consequently, the district court did not err in refusing to modify the instruction as requested by defendant.

## CROSS-EXAMINATION

Defendant next argues her conviction must be reversed because she was denied her Sixth Amendment right of confrontation when the district court restricted defense counsel's cross-examination of Detective Edwards, a rebuttal witness. Defendant contends her right to effective assistance of counsel was denied and her defense was severely prejudiced. Defendant does not dispute that Detective Edwards was called to rebut defendant's previous testimony that (1) defendant had not intended to injure Riley and (2) defendant had not loaded the gun immediately prior to the shooting. However, defendant argues the State opened the door for cross-examination regarding any part of Detective Edwards' investigation and defense counsel was attempting to "impeach" Detective Edwards by introducing portions of his investigation favorable to defendant.

"The scope of cross-examination is a matter within the sound discretion of a trial court and, absent a showing of clear abuse, the exercise of that discretion will not constitute prejudicial error." *State v. Wiggins*, 248 Kan. 526, Syl. ¶ 3, 808 P.2d 1383 (1991).

"Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only when no reasonable person would take the view adopted by the trial court." *State v. Wagner*, 248 Kan. 240, 242, 807 P.2d 139 (1991).

Defendant's claim of prejudice is not persuasive. Defense counsel reserved the right to call the witness for surrebuttal, but did not call him. The damaging implication claimed by defendant on appeal could have been removed by introducing the excluded evidence on surrebuttal. Arguably, trial counsel apparently did not believe the testimony would have bolstered the defense. See 10 Kan. App. 2d at 424. Further, by not calling the witness on surrebuttal to present the excluded testimony, defense counsel invited error. "A litigant may not invite and lead a trial court into error and then complain of the trial court's action on appeal." *State v. Prouse*, 244 Kan. 292, 298-99, 767 P.2d 1308 (1989).

Further, defense counsel made no proffer to the district court of the excluded evidence, and the substance of the evidence was not made known to the court in any form as required by K.S.A. 60-243(c) and K.S.A. 60-405. Consequently, defendant is in no position to assert error regarding exclusion of the evidence. See *State v. Nix*, 215 Kan. 880, 884-85, 529 P.2d 147 (1974).

Defendant relies on *State v. Humphrey*, 252 Kan. 6, 17, 845 P.2d 592 (1992). In *Humphrey*, the district court limited cross-examination regarding the witness' motivation in testifying on the basis that the questioning was irrelevant. Our Supreme Court held that, in certain circumstances, the denial of effective cross-examination amounts to constitutional error requiring reversal without a showing of prejudice. 252 Kan. at 17. Here, the district court did not limit defendant's ability to attack the credibility of the witness, but rather limited the scope of cross-examination to those matters to which he testified on direct. There is no error.

## MANIFEST INJUSTICE

Defendant next argues the district court's application of the

mandatory imprisonment provisions under K.S.A. 1992 Supp. 21-4618(1) resulted in a manifest injustice under K.S.A. 1992 Supp. 21-4618(3). Defendant argues the court did not properly consider K.S.A. 21-4601 and K.S.A. 21-4606 when imposing sentence. Defendant contends the sentencing court was in error when sentencing a battered woman with four children to a term of incarceration where the record clearly reveals that defendant was provoked into committing the crime.

K.S.A. 1992 Supp. 21-4618(1) provides that, if a firearm is used in the commission of an Article 34 offense, the defendant shall be sentenced to at least the minimum sentence of imprisonment and not be granted probation, assignment to community corrections, or a suspended sentence. However, this provision shall not apply if manifest injustice would result. K.S.A. 1992 Supp. 21-4618(3).

"A sentence imposed will not be disturbed on appeal if it is within the limits prescribed by law and the realm of trial court discretion and not a result of partiality, prejudice, oppression, or corrupt move." *State v. Brown*, 249 Kan. 698, Syl. ¶ 9, 823 P.2d 190 (1991).

"[T]he determination of whether a sentence has resulted in manifest injustice must be made on a case-by-case basis under a 'shocking to the conscience' consideration; that is, whether the trial court has abused its discretion by imposing a sentence which is obviously unfair and shocks the conscience of the court." *Cramer*, 17 Kan. App. 2d at 636.

See *State v. Turley*, 17 Kan. App. 2d 484, 490, 840 P.2d 529 (1992).

Defendant argues the standard of review in *Turley* and *Cramer* is incorrect because the standard does not require the district court to consider the provisions of K.S.A. 21-4601 and K.S.A. 21-4606 on the record. However, this court in *Turley* and *Cramer* did not replace the requirement that the district court consider the statutory sentencing factors with the determination of whether manifest injustice resulted. In both cases, we based our holding on our conclusion that the sentence was within the statutory limits, the district court considered the statutory sentencing factors, and the sentence was not obviously unfair and shocking. *Cramer*, 17 Kan. App. 2d at 636-37; *Turley*, 17 Kan. App. 2d at 490.

Here, the record is clear the district court considered all the necessary sentencing factors and defendant's individual needs and circumstances when imposing the sentence. After weighing these factors and taking into consideration all mitigating and aggravating circumstances, the sentencing court found that application of K.S.A. 1992 Supp. 21-4618(1) would not result in manifest injustice. The court heard all of the testimony, observed the witnesses, and had the opportunity to evaluate their credibility. This court does not have that opportunity. See *Cramer*, 17 Kan. App. 2d at 636. Based on the sentencing court's findings, the sentence imposed is not obviously unfair or shocking to the conscience. Because the sentence imposed by the court was within the statutory limits, was imposed after consideration of all the required statutory factors, is not obviously unfair, and is not shocking to the conscience, such sentence will not be disturbed on appeal.

## COMMUNITY CORRECTIONS

Finally, defendant argues she was entitled to the presumptive sentence of assignment to community corrections pursuant to K.S.A. 1992 Supp. 21-4606b. Defendant contends the "mere fact" she was convicted of an Article 34 offense involving a firearm does not preclude application of the presumptive sentence. Defendant argues that K.S.A. 1992 Supp. 21-4618 and K.S.A. 1992 Supp. 21-4606b are not conflicting statutes because of K.S.A. 1992 Supp. 21-4618(3), which excepts application of K.S.A. 1992 Supp. 21-4618(1) if manifest injustice results.

K.S.A. 1992 Supp. 21-4618(1) requires imprisonment upon a finding by the sentencing court that a firearm was used in the commission of an Article 34 offense, unless the sentencing court finds that manifest injustice would result. *Turley*, 17 Kan. App. 2d at 488. " 'The sole purpose of K.S.A. 21-4618 is to insure that at least the minimum sentence be imposed by a judge to deter the use of a firearm by an individual in the commission of the specified crimes.' " 17 Kan. App. 2d at 488 (quoting *State v. Keeley*, 236 Kan. 555, Syl. ¶ 4, 694 P.2d 422 [1985]). On the other hand, K.S.A. 1992 Supp. 21-4606b provides that the presumptive sentence for certain class D or E felons is assignment to community corrections.

"Where there is a conflict between a statute dealing generally with a subject and another dealing specifically with a certain phase of it, the specific legislation controls." *State v. Keeley*, 236 Kan. 555, 560, 694 P.2d 422 (1985) (discussing 21-4618[1] and [2] before [3] was added).

Clearly, the district court cannot consider assignment to community corrections unless the court finds that mandatory imprisonment would result in manifest injustice. K.S.A. 1992 Supp. 21-4618(1). If the court finds that mandatory imprisonment does not result in manifest injustice, the court has no discretion to impose the presumptive sentence pursuant to K.S.A. 1992 Supp. 21-4606b.

Here, the district court found that mandatory imprisonment would not result in manifest injustice. Consequently, the court was not required to consider the presumptive sentence of assignment to community corrections pursuant to K.S.A. 1992 Supp. 21-4606b.

Affirmed.