(932 P.2d 469)
No. 75,578

STATE OF KANSAS, *Appellee*, v. CHADWICK A. CASHMAN, *Appellant*.

Opinion filed February 28, 1997.

*Edward G. Collister*, special appellate defender, and *Steven R. Zinn*, deputy appellate defender, for the appellant.

*Gwynne E. Harris*, assistant district attorney, *Joan M. Hamilton*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before BRAZIL, C.J., PIERRON and ROYSE, JJ.

PIERRON, J.: On May 15, 1991, Chadwick D. Cashman was charged with first-degree murder. On September 9, 1991, he pled guilty to involuntary manslaughter, as defined by K.S.A. 21-3404 (Ensley 1988), and unlawful possession of a firearm, as defined by K.S.A. 1990 Supp. 21-4204.

On October 30, 1991, Cashman was sentenced to 3 to 10 years for involuntary manslaughter and 2 to 5 years for unlawful possession of a firearm. The sentencing court ordered consecutive sentences; it did not grant any jail time credit. After sentencing, Cashman asked the court to grant him credit for time served. The court indicated it would credit Cashman with the time he had been in custody.

After the involuntary manslaughter conviction but prior to the October 30, 1991, sentencing, Cashman's probation on a misdemeanor conviction was revoked and he was serving time for that

conviction. On August 16, 1991, Cashman had been sentenced to 1 year in the county jail on the misdemeanor charge, back dated to July 16, 1991.

On February 6, 1992, Cashman filed a motion to modify sentence in which he asked for credit for time held in pretrial confinement between May 4, 1991, and October 30, 1991. On the same date, Cashman also filed a motion to amend sentence, asking the court to run his sentences concurrently rather than consecutively.

Cashman filed another motion for jail time credit on August 16, 1993, asking for the jail time credit from May 11, 1991, to sentencing on October 30, 1991, for a total of 172 days. On May 22, 1995, he again filed a motion to credit jail time, asking the court to credit him with jail time for the period of May 11, 1991 to July 16, 1991.

On July 11, 1995, the court granted Cashman 65 days of credit for the period from May 11, 1991 to July 16, 1991. On August 29, 1995, the court denied Cashman's motion to modify sentence where he asked that his sentences be run concurrently rather than consecutively.

Cashman claims the district court erred in calculating his jail time credit. The court partially granted Cashman's motion to credit jail time on July 11, 1995. Cashman's notice of appeal from this order was filed on September 8, 1995. Cashman did not file within 10 days of the order. His appeal is not timely, and this court does not have jurisdiction to review this issue.

Cashman also claims the district court erred by denying his motion to modify. He claims that since he was given a mandatory imprisonment sentence for involuntary manslaughter because a firearm was involved, his sentence for possession of a firearm should at least run concurrent with the involuntary manslaughter sentence; otherwise, he is being punished twice for the same act. The State offers no argument on this double jeopardy/multiplicity issue.

"Multiplicity in a criminal pleading is the charging of two or more counts where only a single criminal act is involved. K.S.A. 21-3107(1) provides that an individual may be charged with multiple violations arising from a single transaction when

the same conduct may establish the commission of more than one crime. The principles for determining whether charges are multiplicitous are: (1) A single offense may not be divided into separate parts; generally, a single wrongful act may not furnish the State with the basis for more than one criminal prosecution. (2) If each offense charged requires proof of a fact not required in proving the other offense, the offenses do not merge. (3) Where offenses are committed separately, at different times and at different places, they cannot be said to rise out of a single wrongful act. [Citation omitted.]" *State v. Manzanares*, 19 Kan. App. 2d 214, 220, 866 P.2d 1083 (1994).

K.S.A. 21-4618 states that if a firearm is "used" during the commission of certain crimes, a mandatory prison sentence must be imposed. See *State v. Rasler*, 216 Kan. 582, 533 P.2d 1262 (1975); *State v. Coleman*, 19 Kan. App. 2d 412, 870 P. 2d 695, *rev. denied* 255 Kan. 1004 (1994). Cashman was properly charged with two different crimes, involuntary manslaughter and unlawful possession of a firearm. The involuntary manslaughter sentence contained mandatory imprisonment because a firearm was used during the commission of the crime, not because Cashman possessed a firearm. Therefore, there are no multiplicity or double jeopardy issues.

K.S.A. 21-4608 leaves it within the district court's discretion to run sentences consecutively or concurrently. The district court did not abuse its discretion.

Affirmed.