Christopher J. Tymeson Chief Legal Counsel Kansas Department of Wildlife and Parks 1020 S. Kansas Avenue, Suite 200 Topeka, Kansas 66612
Dear Mr. Tymeson:
As Chief Legal Counsel for the Kansas Department of Wildlife and Parks, you ask our opinion regarding the appropriate manner to dispose of firearms seized in the commission of wildlife crimes. In relation to this, you inform us of the following:
 "Many of the firearms seized by the Department in the commission of wildlife crimes are sporting arms and many of those firearms are used in hunter education programs or by the Department for operational purposes after forfeiture to the Department. However, at times, surpluses of these firearms exist and the Department would like to dispose of the firearms in a manner that is cost effective and efficient for the Department, specifically, auctioning the firearms to licensed firearms dealers within the state pursuant to K.S.A. [2003 Supp.] 32-1047, if allowable under the new provisions of the statute."
K.S.A. 2003 Supp. 32-1047, in pertinent part, states:
 "[I]f the seized item is a firearm that has been forfeited pursuant to K.S.A. 21-4206, and amendments thereto, then it may be sold unless: (1) The firearm is significantly altered in any manner; or (2) the sale and public possession of such firearm is otherwise prohibited by law. . . . "
Since this language, added in 2003,[1] does not specify any particular manner of sale, in our opinion sale of forfeited firearms may be accomplished by auction to licensed firearms dealers in Kansas.
You also express concern about apparent inconsistencies between K.S.A. 2003 Supp. 32-1047 and K.S.A. 21-4206 within the Crimes and Punishment Code, as well as with K.S.A. 60-4117 within the Asset Seizure and Forfeiture Code. The latter two statutes also address disposition of firearms seized or confiscated in the course of law enforcement activities.
K.S.A. 21-4206, last amended in 1994,[2] in pertinent part states:
 "All other confiscated weapons when no longer needed for evidentiary purposes, shall in the discretion of the trial court, be destroyed, forfeited to the law enforcement agency seizing the weapon for use within such agency or traded to another law enforcement agency for that agency's use or forfeited to the Kansas bureau of investigation for law enforcement, testing, comparison or destruction in the Kansas bureau of investigation forensic laboratory."
K.S.A. 60-4117, enacted in 1994,[3] in pertinent part states:
 "When firearms are forfeited under this act, the firearms in the discretion of the seizing agency, shall be destroyed, used within the seizing agency for official purposes, traded to another law enforcement agency for use within such agency or given to the Kansas bureau of investigation for law enforcement, testing, comparison or destruction by the Kansas bureau of investigation forensic laboratory."
To resolve the inconsistency we turn to several established rules of statutory construction. The first specifies that older statutes must be read in the light of later legislative enactments, harmonizing the older statute with the newer if possible. However, if a conflict exists, the older statute must be subordinated to the newer one.[4] Another rule of statutory construction is that general and specific statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the specific statute will prevail unless it clearly appears the Legislature intended to make the more general statute controlling.[5]
Applying these rules, we find that to the extent statutory inconsistencies exist in relation to the disposition of forfeited firearms, K.S.A. 21-4206 and K.S.A. 60-4117 must be subordinated to the newer legislative enactment, K.S.A. 32-1047. Additionally, as a statute more specific to the Kansas Department of Wildlife and Parks, K.S.A. 21-1047 must prevail over K.S.A. 21-4206 and K.S.A. 60-4117. Consequently, in our opinion the Department may dispose of forfeited firearms by auctioning them to licensed firearms dealers in Kansas.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Camille Nohe Assistant Attorney General
PK:JLM:CN:jm
[1] L. 2003, ch. 121, § 5.
[2] L. 1994, ch. 348, § 5.
[3] L. 1994, ch. 339, § 17.
[4] State v. Kelley, 236 Kan. 555, 559-60 (1985).
[5] State v. Boyle, 21 Kan.App.2d 944 (1996).