NOT DESIGNATED FOR PUBLICATION

No. 124,291

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARIO STEVE ZAMORA BARAJAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER L. MYERS, judge. Opinion filed June 3, 2022. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Kayla Roehler*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., POWELL and WARNER, JJ.

PER CURIAM: Mario Barajas challenges his convictions for battery against a law enforcement officer. He asserts that because Kansas law imposes lengthier sentences for battery against a law enforcement officer than for battery, his convictions violate equal-protection principles. This argument fails, however, because there is a rational basis for the legislature's decision to impose lengthier sentences for crimes against a law enforcement officer. We thus affirm Barajas' convictions.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2019, a Wyandotte County Sheriff's deputy responded to a call concerning a stolen vehicle parked on the street across from Barajas' house. While the deputy examined the car, Barajas came outside and asked what the deputy was doing. During their conversation, Barajas clenched his fists and told the deputy to drop his gun and fight him "like a man"; Barajas then returned inside. The deputy requested backup, and several officers from the Kansas City Police Department arrived.

Two officers went to the back of the house and saw Barajas in the backyard. Because Barajas was a suspect in the reported theft, the officers explained that they needed to handcuff him during their investigation. But Barajas resisted as they restrained him. He punched one officer in the back of the head and placed the other in a headlock, hitting the officer multiple times and cutting the officer's nose. The officers eventually subdued and handcuffed Barajas.

The State charged Barajas with two counts of battery against a law enforcement officer under K.S.A. 2019 Supp. 21-5413(c)(2) and with theft and criminal deprivation of property, charged in the alternative. Before trial, Barajas filed a motion challenging the constitutionality of K.S.A. 2019 Supp. 21-5413(c), arguing the statute violates his right to equal protection of the law under the Kansas and United States Constitutions by mandating lengthier sentences for individuals who commit battery against law enforcement officers. The district court delayed consideration of the motion until after trial.

In June 2021, a jury convicted Barajas of both counts of battery against a law enforcement officer—one under K.S.A. 2019 Supp. 21-5413(c)(2) and the other under K.S.A. 2019 Supp. 21-5413(c)(1)—and criminal deprivation of property. At sentencing,

2

the district court denied Barajas' equal-protection motion, granted his motion for a departure sentence, and imposed a controlling 24-month prison sentence.

DISCUSSION

On appeal, Barajas argues the district court erred by rejecting his equal-protection claims. But we find no error in the district court's ruling. In particular, because imposing lengthier sentences acts as a deterrent that is rationally related to the goals of promoting safety and ensuring individuals can perform their duties, K.S.A. 2019 Supp. 21-5413(c) does not violate Barajas' equal-protection rights.

The Fourteenth Amendment to the United States Constitution guarantees persons equal protection under the law. U.S. Const. amend. XIV, § 1. Section 1 of the Kansas Constitution Bill of Rights essentially provides the same protection as its federal counterpart. *Downtown Bar and Grill v. State*, 294 Kan. 188, 192, 273 P.3d 709 (2012). These provisions require that states treat "similarly situated persons similarly." *State v. LaPointe*, 309 Kan. 299, 316, 434 P.3d 850 (2019). Neither provision absolutely prohibits laws that only affect certain groups of people; instead, differential treatment may be permissible if there is some appropriate justification for the legislative disparity. *Henry v. Bauder*, 213 Kan. 751, Syl. ¶ 2, 518 P.2d 362 (1974).

Kansas courts review equal-protection challenges under a three-step framework. First, as a threshold matter, a statute must treat similarly situated individuals differently before equal protection is implicated. *LaPointe*, 309 Kan. 299, Syl. ¶ 5 (individuals must be "'arguably indistinguishable'"). If it does, courts look at the basis of the classification—that is, what groups are being treated differently—to determine the appropriate level of judicial scrutiny for analyzing the challenged law. Finally, courts review the statute under that level of scrutiny. 309 Kan. 299, Syl. ¶ 5.

We employ three levels of judicial scrutiny to equal-protection claims—rational-basis review, intermediate scrutiny, and strict scrutiny—commensurate with the protected status of the legislature's classification. *Downtown Bar and Grill*, 294 Kan. 188, Syl. ¶ 9. Statutes that implicate a suspect or quasi-suspect class—such as race, ancestry, or gender—must pass a more stringent review under either intermediate or strict scrutiny, depending on the classification. *State v. Voyles*, 284 Kan. 239, 257-58, 160 P.3d 794 (2007). But in all other instances, rational-basis review applies, and the legislature "is presumed to act within its constitutional power despite the fact the application of its laws may result in some inequity." *Manzanares v. Bell*, 214 Kan. 589, 609, 522 P.2d 1291 (1974). We thus will uphold a law under rational-basis review when a classification bears "some rational relationship to a valid legislative purpose." *Downtown Bar and Grill*, 294 Kan. 188, Syl. ¶ 9; *State v. Limon*, 280 Kan. 275, 284, 122 P.3d 22 (2005). Under this deferential standard, any reasonably conceivable facts may support the classification; the parties need not demonstrate that the legislature was actually motivated by the offered justification. *In re Care & Treatment of Snyder*, 308 Kan. 626, 630, 422 P.3d 85 (2018).

In most instances, equal-protection challenges are purely legal questions that appellate courts review de novo. *Downtown Bar and Grill*, 294 Kan. 188, Syl. ¶ 4. When a party challenges a statute as facially unconstitutional under the rational-basis standard, that party bears the burden of proving no rational basis exists that could support the classification. 294 Kan. 188, Syl. ¶ 10.

Battery includes two types of conduct: (1) knowingly or recklessly causing bodily harm to another person and (2) knowingly causing physical contact with another person when done in a rude, insulting, or angry manner. K.S.A. 2019 Supp. 21-5413(a)(1)-(2). These same provisions apply when the victim is a law enforcement officer. K.S.A. 2019 Supp. 21-5413(c)(1)-(2). But the sentences for the crimes committed against a law enforcement officer differ from other batteries:

- Battery is a class B person misdemeanor. K.S.A. 2019 Supp. 21-5413(g)(1).

- Battery against a law enforcement officer is a class A person misdemeanor if it involves physical contact. K.S.A. 2019 Supp. 21-5413(g)(3)(A).

- Battery against a law enforcement officer is a severity level 7 person felony if it involves bodily harm. K.S.A. 2019 Supp. 21-5413(g)(3)(B).

Class B misdemeanors result in a maximum six-month jail sentence. K.S.A. 2019 Supp. 21-6602(a)(2). Class A misdemeanors carry a maximum 12-month jail sentence. Severity level 7 felonies may carry a prison sentence of 11 to 34 months, depending on the defendant's criminal history score. K.S.A. 2019 Supp. 21-6602(a)(1); K.S.A. 2019 Supp. 21-6804(a).

Barajas argues individuals who commit batteries are similarly situated to those who commit batteries against law enforcement officers. Both commit the same conduct—either causing bodily harm or rude or insulting physical contact. But the second group is treated more severely based on the victim's status as a law enforcement officer. For this appeal, we accept that the two groups are comparable for purposes of our equal-protection analysis.

We thus must determine how closely we must scrutinize this legislative classification. Barajas claims that intermediate scrutiny should apply, analogizing criminal defendants to the medical malpractice victims discussed in *Farley v. Engelken*, 241 Kan. 663, 672-74, 740 P.2d 1058 (1987) (Herd, J., plurality). He asserts that both groups are politically powerless groups deserving heightened scrutiny.

But unlike medical malpractice victims generally, the class of people implicated by Barajas' claim does not encompass all criminal defendants. It only includes those

convicted of battery against a law enforcement officer. And neither criminal defendants generally nor defendants accused of violating K.S.A. 2019 Supp. 21-5413(c) constitute a suspect class: Barajas does not explain how either group constitutes a class requiring heightened scrutiny, and Kansas courts have long recognized that legislative classifications distinguishing types of criminal conduct are subject to rational-basis review. See, e.g., *Logsdon v. State*, 32 Kan. App. 2d 1, 4-5, 79 P.3d 1076 (2002) (applying rational basis to challenge against sentencing classifications for aggravated escape from custody), *rev. denied* 275 Kan. 965 (2003); *Smith v. McKune*, 31 Kan. App. 2d 984, 994, 76 P.3d 1060 (prisoners and indigents are not a suspect class), *rev. denied* 277 Kan. 925 (2003); see also *Merryfield v. State*, 44 Kan. App. 2d 817, 823, 241 P.3d 573 (2010) (status as a sex offender is not a suspect class). We review Barajas' claim under this more deferential standard.

The crimes of battery and battery against a law enforcement officer are both meant to deter rude and harmful contact, regardless of the victim's status. But the lengthier sentences for battery against a law enforcement officer also protect individuals carrying out their official obligations. K.S.A. 2019 Supp. 21-5413(c) applies to batteries committed against certain individuals, including city, county, state, and federal law enforcement officers, judges, and court services officers, but only while they are performing their duties. K.S.A. 2019 Supp. 21-5413(c)(1)(A)-(F), (2)(A)-(F). The lengthier sentences attached to these crimes suggest an additional purpose of deterring violence against protected individuals so they can perform their important responsibilities.

Promoting public safety and protecting those who interact with criminal suspects are valid legislative purposes. Accord *State v. Ryce*, 303 Kan. 899, 959, 368 P.3d 342 (2016) (finding public safety and officer safety to be compelling interests under strict scrutiny). And the deterrent effect of lengthier sentences bears a rational relationship to achieving those goals.

6

K.S.A. 2019 Supp. 21-5413(c) serves a valid purpose, and its lengthier sentences are rationally related to that purpose. The legislature did not violate Barajas' equal-protection rights by imposing more stringent presumptive punishments for battery against a law enforcement officer. The district court correctly denied Barajas' motion challenging his convictions on that ground.

Affirmed.